UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIBUZOR SUNNY CHUKWUEKE[1],<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-07110-DJC-CKD<br><br>RELEASE ORDER<br><br>A# 240-137-385 |

Before this Court is Petitioner Chibuzor Sunny Chukwueke's Petition for Writ of Habeas Corpus (ECF No. 1) and First Amended Petition for Writ of Habeas Corpus ("FAP" (ECF No. 10)). Petitioner entered the country on a B-2 visa and later attempted to file asylum but was victim to an attorney scam. (FAP ¶¶ 16–19.) Nonetheless, "[s]ince at least 2023, immigration authorities have been aware of Mr. Chukwueke's presence in the United States and affirmatively chose not to detain him. [Immigration and Customs Enforcement ("ICE")] scheduled Mr. Chukwueke for periodic check-in appointments, which he attended without exception. At each prior check-in, ICE

[1] The name currently appearing on CM/ECF is Chukwuelce Chibuzor Sunny. However, Petitioner's actual name appears to be Chibuzor Sunny Chukwueke. (Opp'n (ECF No. 14) n.1; FAP (ECF No. 10) at 1.) The Clerk of the Court of the Court is directed to update the docket to reflect Petitioner's correct name.

released Mr. Chukwueke and directed him to return for a future appointment." (*Id.* ¶ 21.) Over his ten years in the United States, Petitioner developed community ties, with three children attending schools in Dallas, Texas. (*Id.* ¶ 20.) His fourth child is a United States citizen born in Houston, Texas. (*Id.* ¶ 1.) In January 2023, Petitioner entered a no-contest plea for a charge of driving while intoxicated in Dallas County, Texas. (Opp'n, Ex. A (ECF No. 14-1) at 1.) On March 11, 2026, while appearing at a scheduled check-in with ICE, Petitioner was taken into ICE custody. (FAP ¶ 2.) Petitioner later received a bond hearing on August 21, 2026, and was denied bond. (Pet., Ex. A; (ECF No. 7); (ECF No. 8).) Petitioner is detained under 8 U.S.C. § 1226(a). (Opp'n (ECF No. 6) at 4.)

Petitioner argues that by "knowingly permitting Mr. Chukwueke to live at liberty, scheduling him for appointments, and releasing him after each check-in, the government made an affirmative decision not to detain him" repeatedly over the course of many years, and thereby created a "protected liberty interest in remaining free from custody." (FAP ¶ 22.) The Court agrees. As a "noncitizen who has lived at liberty for an extended duration while his immigration case proceeds" based on "the Government's affirmative decision not to detain him," Petitioner "holds a protected liberty interest in remaining free from custody, and may not be detained without pre-deprivation process." *Norberto v. Warden*, No. 1:26-CV-04674-MWJS, 2026 WL 1992747, at *4 (E.D. Cal. July 9, 2026) (collecting cases). While the Court had previously determined that a bond hearing was sufficient, *Bakshta v. Chestnut*, No. 1:26-cv-01796-DJC-SCR, 2026 WL 1602286, at *1 (E.D. Cal. June 4, 2026), in light of the evolving case law in this area and for the reasons stated in *Vivas Moncada v. Warden, California City Detention Center*, No. 1:26-cv-07842-DJC-CSK, 2026 WL 3320743 (E.D. Cal. Nov. 3, 2026), and *Yu v. Warden of the California City Det. Ctr,* No. 1:26-cv-04075 DJC AC, 2026 WL 1972560, at *6 (E.D. Cal. July 8, 2026), *findings and recommendations adopted*, No. 1:26-cv-04075 DJC AC, 2026 WL 3333976 (E.D. Cal. Nov. 4, 2026), the Court finds that Petitioner's detention without a pre-deprivation

hearing violated his due process rights, and that the post-deprivation bond hearing did not cure that violation.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is granted as to the Second Gound for Relief.[2]
2. Respondents are ordered to immediately release Petitioner Chibuzor Sunny Chukwueke from custody and return all of Petitioner's documents and possessions.
3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner without a change in circumstances to warrant Petitioner's re-detention.
4. The Clerk is directed to serve the Golden State Annex Detention Facility with a copy of this Order.
5. The Clerk of the Court is directed to change Petitioner's name to Chibuzor Sunny Chukwueke on the docket to reflect Petitioner's correct name.
6. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **November 6, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC10-Chukwueke.1:26-cv-07110.merits

[2] In the interest of judicial economy, the Court does not address the remaining grounds for relief presented by Petitioner.